1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| 11 | JACK BUCKHORN and ANISA M. ) <br> THOMSEN, as TRUSTEES, et ) | |
| 12 | al., ) | No. C 08-4004 BZ |
| | ) | |
| 13 | Plaintiff(s), ) | **REPORT AND RECOMMENDATION ON** |
| | ) | **PLAINTIFFS' MOTION FOR ENTRY** |
| 14 | v. ) | **OF DEFAULT JUDGMENT** |
| | ) | |
| 15 | MARK A. KNEAPER, ) | |
| | ) | |
| 16 | Defendant(s). ) | |
| | ) | |
| 17 | _____) | |

     Plaintiffs Jeff Buckhorn and Anisa Thomsen (collectively,
"plaintiffs"), acting as trustees for Redwood Empire
Electrical Workers Health and Welfare Trust Fund, Redwood
Empire Electrical Workers Pension Trust, Joint Electrical
Industry Training Program, National Employees Benefit Fund,
and Redwood Empire Electrical Workers Work Recovery Fund
(collectively, "the funds"), have applied for entry of default
judgment against defendant Mark A. Kneaper ("defendant"),
individually and doing business as Kneaper Electric.
Defendant has not appeared in this action and did not respond
to plaintiffs' application.  Defendant has not consented to my

1

jurisdiction pursuant to 28 U.S.C. § 636(c).  This matter will therefore be reassigned to a District Judge with the following report and recommendation.

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521.  Though admonished to comply with this requirement by Order dated May 18, 2009, plaintiffs did not.  Following the hearing at which this failure was discussed, plaintiffs' attorney submitted an affidavit stating that "[d]efendant is not an infant or incompetent" and "[d]efendant is not in the military service . . . ."  The affidavit, however, does not provide any foundation or factual basis for these assertions, and therefore fails to comply with the requirements of 50 U.S.C. App. § 501 *et seq*.  *See* <u>United States v. Simmons</u>, 508 F. Supp. 552 (E.D. Tenn. 1980).  Because plaintiffs have failed to comply with the requirements of the Service Members' Relief Act, I **RECOMMEND** that the Court deny plaintiffs' request for entry of default judgment.  In the event, however, that plaintiffs file a supplemental affidavit that complies with the Service Members' Relief Act, I have issued the following report and recommendation for entry of default judgment.

On August 20, 2008, plaintiffs filed a complaint under section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, alleging that defendant violated a collective bargaining agreement by failing to make required contributions to the funds.  The complaint, which was

amended on January 20, 2009, seeks unpaid contributions from August 2008 to December 2008, plus liquidated damages, interest, audit fees, and attorney's fees and costs, pursuant to U.S.C. § 1132(g)(2).

Plaintiffs personally served process on defendant on September 10, 2008, and did so again on February 10, 2009, after plaintiffs filed an amended complaint. Defendant failed to answer or otherwise defend this action. On March 20, 2009, upon plaintiffs' request, the clerk of this court entered defendant's default under Rule 55(a). By its default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. *See* Fed. R. Civ. P. 8(d), TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Pursuant to Rule 55(b)(2), the Court may enter a default judgment against a party against whom default has been entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Although a formal hearing is not required for a court to render a default judgment, Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981), plaintiffs have the burden of proving damages through testimony, written affidavit, or other relevant evidence. *See* Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

In their motion, plaintiffs seek damages totaling $144,568.52 for unpaid contributions, liquidated damages, interest and audit costs; costs of litigation totaling

$971.00; and attorneys' fees totaling $9,233.00. (Mot. For Def. J. p. 1.) Liability for unpaid delinquent contributions having been established on default, the remaining issue is the relief available to plaintiffs.

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of –
>       (I) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . of the amount determined by the court under subparagraph (A),
>   (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is mandatory if: "(1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award." Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996) (citing Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989)). Plaintiff has satisfied the statutory requirements and is entitled to an award under section 1132(g). *See* Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (W.D.N.Y. 1995).

In an action to enforce payment of delinquent contributions under § 1132(g)(2), the proper award must be based on the amount of contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid

4

1  contributions prior to judgment.  *See* Northwest Adm'rs, 104
2  F.3d at 258 (quoting Carpenters Amended and Restated Health
3  Benefit Fund v. John W. Ryan Constr. Co., Inc., 767 F.2d 1170,
4  1175 (5th Cir. 1985)) ("[M]andatory fees are available under §
5  1132(g)(2) 'notwithstanding the defendant's post-suit, pre-
6  judgment payment of the delinquent contributions
7  themselves.'"); *see also* Iron Workers Dist. Council, 68 F.3d
8  at 1507 ("[T]he amount of an award of interest or liquidated
9  damages should logically be predicated upon the amount of the
10 unpaid contributions originally at issue, whether or not
11 outstanding at the time of judgment, since that amount
12 correctly measures the damage caused by the delinquency.");
13 Board of Trustees of the Sheet Metal Workers v. General
14 Facilities, Inc., 2003 WL 1790837, *2 (N.D. Cal. Mar. 31,
15 2003) (citing Carpenters & Joiners Welfare Fund v. Gittleman
16 Corp., 857 F.2d 476, 478 (8th Cir. 1988)) ("Section 1132
17 provides for liquidated damages as a percentage of 'unpaid
18 contributions' and courts have interpreted 'unpaid
19 contributions' to mean contributions owing and unpaid at the
20 time the lawsuit is filed.").
21      To prove their damages, plaintiffs submitted the
22 declaration of Alice Marshall, the administrator for Redwood
23 Empire Electrical Workers.  Marshall's declaration ("Marshall
24 Decl.") includes monthly payroll reports as well as a chart
25 breaking down the damages requested.  Marshall's declaration
26 establishes that, from August 2008 to December 2008, defendant
27 did not pay contributions in the amount of $107,771.75.  (*See*
28 Marshall Decl. Exh. C.)  I recommend that plaintiffs recover

this amount from defendant.

Plaintiffs also request interest in the amount of 10% per annum, as provided for in Section 6.01 of the collective bargaining agreement, amounting to a total of $7,674.62. (Marshall Decl. Exh. E.)  Under section 1132(g)(2)(B), plaintiffs may recover interest on unpaid contributions.  29 U.S.C. § 1132(g)(2)(B).  Interest is calculated based on the rate provided for under the plan.  Id.  Plaintiffs have established that they are entitled to $7,674.62 in interest and I recommend they recover this amount.

Plaintiffs also seek $18,918.15 in liquidated damages, calculated at a rate of twenty percent (20%) of the amount due for payments made subsequent to the remittance period. (Marshall Decl. Exh. D.)  Section 1132(g)(2)(C) permits liquidated damages in an amount not to exceed twenty percent (20%) of the total of the unpaid contributions, and the collective bargaining agreement in this case also provides that plaintiffs may recover twenty percent (20%) of the amount due as liquidated damages.  Because the amount of liquidated damages requested by plaintiffs is permitted by both contract and statute, I recommend that plaintiffs recover $18,918.15 in liquidated damages from defendant.

Finally, plaintiffs seek $9,233.00 in attorneys' fees and $971.00 in costs.  Reasonable attorneys' fees and costs of action may be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor.  29 U.S.C. § 1132(g)(2)(D).  Plaintiffs submitted the declaration of Sue Campbell ("Campbell Decl."), the funds' collection attorney,

6

to support their request. (*See* Campbell Decl. Ex. A.) Campbell's declaration includes invoices itemizing attorneys' fees for the case. Campbell calculates her billing at a rate of $195.00 per hour for this matter, and the invoices provided demonstrate that Campbell spent approximately 44 hours working on this action. Campbell's time consisted of, *inter alia*, reviewing records; reviewing the auditor's report; participating in telephone conferences; filing stop notices and taking other steps to collect unpaid amounts; preparing what Campbell refers to as "delinquent correspondence"; and preparing the Motion for Entry of Default and the instant motion. The amount of time expended and the billing rate are reasonable given the work performed. I recommend that plaintiffs recover these amounts for the attorney's fees and costs.

For the foregoing reasons, I **RECOMMEND** that judgment be entered in plaintiffs' favor for a total award of $144,568.52, comprised of $107,771.75 in unpaid contributions, $18,918.15 in liquidated damages, $7,674.62 in interest, $9,233.00 in attorney's fees, and $971.00 in costs, so long as plaintiffs satisfy the Service Members' Relief Act.

Dated: June 25, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BUCKHORN V. KNEAPER\REPORT AND RECOMMENDATION.wpd